# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JAMES W. MILLER,** | |
| Plaintiff, | |
| v. | Case No. 10 C 6191 |
| **SKF USA, INC.,** | Hon. Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On September 27, 2010, Plaintiff James Miller ("Miller") filed suit against Defendant SKF USA, Inc. ("SKF"). Miller's Amended Complaint alleges that SKF violated Miller's Employment Agreement and the Illinois Wage Payment and Collection Act. Miller seeks damages and a declaratory judgment that the Employment Agreement's non-competition provision is unenforceable.

SKF moves to dismiss or transfer the case under the "first-to-file" rule based on SKF's earlier-filed suit against Miller in the Eastern District of Pennsylvania.

### I. BACKGROUND

#### A. Facts

Plaintiff James Miller was the owner and president of Preventive Maintenance Company, Inc. ("PMCI"). PMCI was incorporated and located in Illinois but provided maintenance services to industrial customers throughout the Midwest. Defendant

SKF is incorporated in Delaware with its principal place of business in Lansdale, Pennsylvania.

SKF purchased PMCI on January 4, 2007 and executed the Employment Agreement (the "Agreement") with Miller. Per the Agreement, SKF employed Miller as a Vice President of Business Development in its Reliability Services Division. The Agreement set Miller's base salary and described the terms for future development bonuses for Miller. Both SKF and Miller were permitted to terminate employment at any time, but Miller's severance package varied depending on who terminated employment and whether the termination was for cause. Miller was subject to a "Non-Competition; Non-Solicitation of Customers" provision for a period of two (2) years after his separation from SKF. The Agreement also contained the following provision entitled "Choice of Law: Jurisdiction."

> This Agreement shall be construed and enforced in accordance with the internal laws, and not the laws of conflicts, of the State of Illinois. Each of the parties hereto consents and submits to the jurisdiction of the courts of the State of Illinois and of the courts of the United States for a judicial district within the Territorial limits of the State of Illinois. For all purposes of this Agreement, and any ancillary document to which it is a party including, without limitation, any action or proceeding instituted for the enforcement of any right, remedy, obligation, or liability arising under or by reason hereof or thereof, each party consents and submits to the venue of such action or proceeding in any Circuit Court in Cook County, Illinois, and the United States District Court for the Northern District of Illinois.

Conflict eventually arose between Miller and SKF regarding Miller's job performance. This conflict came to a head when SKF suspended Miller for one month without pay. Miller, accompanied by his attorney, traveled to Pennsylvania on August 25, 2010 in an attempt to settle the dispute with SKF. The parties were unable to resolve the dispute and Miller returned to Illinois. Miller's suspension concluded on September 1 but Miller did not return to work after his suspension as he believed SKF had breached the Agreement. On September 7, SKF informed Miller that it would treat his failure to return to work as a voluntary termination of employment under the Agreement.

### B. Procedure

On September 13, SKF filed suit against Miller in the United States District Court for the Eastern District of Pennsylvania. The Pennsylvania suit remains open and seeks a declaratory judgment that Miller terminated the Agreement, or that SKF had good cause to terminate the agreement, and that the non-competition provision is valid and enforceable.

On September 27, Miller filed the present suit against SKF. Miller seeks damages for SKF's breach of the Agreement and a declaratory judgment that the non-competition provision is unenforceable. Miller filed an amended complaint on October 8 which added a claim based on the Illinois Wage Payment and Collection Act (the "IWPCA Claim").

SKF now moves to dismiss this case or transfer it to Pennsylvania. SKF argues that this case is duplicative of the Pennsylvania suit but filed later, and so it should be dismissed or transferred under the first-to-file rule. Miller argues that the Pennsylvania suit is a preemptive declaratory judgment action which should be dismissed in favor a subsequently filed action for damages by the "natural plaintiff."

## II. LEGAL STANDARD

A motion to transfer duplicative litigation is considered under the venue transfer framework. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, No. 09-2232, 2010 U.S. App. LEXIS 24033 (7th Cir. Nov. 23, 2010). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This framework requires a district court to consider convenience and fairness on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The statute does not require the evaluation of a narrow or rigid set of considerations, but instead vests discretion in district courts to consider "all factors relevant to convenience and/or the interests of justice." *Research Automation*, 2010 U.S. App. LEXIS 24033, at *8; *see Stewart*, 487 U.S. at 29. The movant bears the burden of demonstrating that a transfer is

appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

## III. <u>ANALYSIS</u>

Miller does not argue that venue is improper in Pennsylvania, so the present motion only concerns whether the transfer of duplicative litigation is desirable based on § 1404(a). This inquiry implicates a number of factors. This Court will compare the convenience of the Illinois and Pennsylvania forums, evaluate the contract's choice of law provision, consider the first-to-file rule, and analyze whether the transfer is in the interest of justice. These factors will then be balanced to determine if a dismissal or transfer of this action is warranted.

### A. Relevant Factors

#### *1. Convenience*

Courts evaluate convenience by considering the locations of the parties and the accessibility of witnesses and evidence in each forum. *Research Automation*, 2010 U.S. App. LEXIS 24033, at *8-9.

The parties are each located in their chosen forum, so the locations of the parties does not favor either side. Miller resides in the Illinois forum and SKF has its principal place of business in the Pennsylvania forum. The forums are each near major metropolitan areas with large airports. *See Bd. of Trs. v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the

abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas."). Neither party faces a unique hardship in traveling to, or litigating in, the opposing party's forum.

The forums appear to be equally convenient in providing access to witnesses. The party witnesses are located evenly in both jurisdictions. Miller is located in Illinois and Miller's supervisors are located in Pennsylvania. More importantly, there is no strong evidence that the non-party witnesses favor Illinois. *See First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 U.S. Dist. LEXIS 13871, at *13 (N.D. Ill. July 20, 2004) ("the convenience of non-party witnesses is substantially more important than the convenience of party witnesses"). Miller claims that his customers may testify regarding his job performance and many of these customers are located in Illinois. However, SKF argues that Miller's customers are mostly dispersed throughout his sales area of Michigan, Texas, and Wisconsin. SKF attached an affidavit, supported by emails and mileage receipts, which avers that most of Miller's sales activities occurred in Michigan. Although Michigan is closer to this Court than the District Court in Pennsylvania, it is not close enough to be significantly more convenient for non-party witnesses.

The evidence is equally accessible in both forums. The evidence is primarily in the form of contracts, emails, and business records located, mostly, in Pennsylvania. However, all of this evidence is easily transported to either forum in either a physical or electronic format. There are no suggestions of voluminous documents or unwieldy physical evidence.

In total, convenience does not favor either forum.

### *2. Choice of Law Provision*

The Agreement in this case contained a choice of law provision, quoted above, which provided that the contract would be construed under Illinois law. The provision additionally stated that both parties consented to jurisdiction in Illinois and venue in any Circuit Court in Cook County or this Court. This provision does not require that the parties resolve their dispute in Illinois, but it is a significant factor weighing against a transfer.

The provision's choice of Illinois law does not require that the case be settled by a court sitting in Illinois. Federal courts are accustomed to applying the laws of other states. *See BRMS, LLC v. N. Am. Flight Servs.*, No. 05 CV 974, 2006 U.S. Dist. LEXIS 28830, at *22-23 (D. Conn. May 12, 2006). Electronic databases provide the district court in Pennsylvania with all the legal materials necessary to decide the case under Illinois law.

The provision's reference to jurisdiction and venue does not foreclose the Pennsylvania action. The provision lacks mandatory or obligatory language as to the forum, so it is a permissive clause that merely prohibits the parties from challenging jurisdiction or venue in this Court. *See Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 n.2 (7th Cir. 2007); *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). Permissive clauses do not prohibit a party from filing suit in a different forum. *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 761-62 (7th Cir. 2006) (interpreting similar language as a "nonexclusive jurisdictional provision").

While the provision does not require an Illinois court to resolve the present dispute, it is still relevant to the transfer analysis. When balancing § 1404(a) factors, the "presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Stewart*, 487 U.S. at 29. While *Stewart* concerned a mandatory clause, it reasoned that the clause was relevant to the inquiry because it was "the parties' private expression of their venue preferences." *Id.* at 30. Under this logic, a permissive clause also provides insight about the parties' venue preference because it reveals at least one location that both parties agreed was acceptable. *See Berry Floor USA, Inc. v. Faus Group, Inc.*, No. 08 CV 0044, 2008 U.S. Dist. LEXIS 104675 (E.D. Wis. Oct. 15, 2008) (permissive forum selection

clause a "crucial factor" in transfer analysis); *see also IFC Credit Corp. v. Sun State Capital Corp.*, No. 08 C 6626, 2010 U.S. Dist. LEXIS 26790 (N.D. Ill. Mar. 18, 2010) (refusing to transfer a later case filed in the permissive venue). While the permissive provision in this case may not weigh on the analysis as heavily as a mandatory venue provision would, it still suggests that a transfer should be denied.

### *3. First-to-File*

The first-to-file rule favors dismissing a later filed suit and permitting an earlier filed suit to proceed. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). However, the Seventh Circuit "does not rigidly adhere to the 'first-to-file' rule." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). While SKF recognizes the Seventh Circuit's position, it nonetheless argues that there is a rebuttable presumption that the first-to-file rule applies and a plaintiff must establish "compelling circumstances" to proceed with a later filed case. *See Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989). After the parties completed their briefing on the present motion, the Seventh Circuit clarified the law regarding the first-to-file rule in the *Research Automation* case. 2010 U.S. App. LEXIS 24033.

When handling a motion to transfer, district courts "should do no more than consider the order in which the suits were filed among

the factors it evaluates under 28 U.S.C. § 1404(a)." *Id.* at *23. The "rebuttable presumption" referred to *Asset Allocation* means that "the first-filed case may proceed where the principles that govern requests for transfer do not indicate otherwise." *Id.* at *17.

The present suit was filed after the Pennsylvania suit, so the first-to-file rule favors SKF's position. A few facts suggest that this rule should not be given too much weight in the current case. First, Miller's case was filed only two weeks after SKF's case. Second, SKF has not indicated any significant developments or proceedings in the earlier filed case. Third, the earlier filed case is a declaratory judgment action while the later filed case seeks coercive relief in addition to a declaratory judgment.

"[W]here the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief []we ordinarily give priority to the coercive action, regardless of which case was filed first." *Id.* at *14. The Illinois action seeks damages for breach of the Agreement and under the Illinois Wage Payment and Collection Act, as well as a declaratory judgment that the non-competition provision is unenforceable. The Pennsylvania action only seeks a declaratory judgment that SKF did not breach the Agreement and the provision is still enforceable. While priority to the present action may not be warranted given that

Miller's claim seeks a mix of coercive and declaratory relief, the first-to-file rule does not favor SKF's purely declaratory action.

SKF argues that Miller's complaint should be dismissed as a compulsory counterclaim to the Pennsylvania action. Such a rule will not be applied as it would eviscerate the Seventh Circuit's precedent on the first-to-file rule. SKF's position would require district courts to transfer a later filed case regardless of the equities if any portion of the later filed case could be considered a compulsory counterclaim to the earlier filed case. *But see Trippe*, 46 F.3d at 628 (district courts should *not* rigidly apply first-to-file rule). Additionally, this rule would have two negative implications. First, it would encourage a costly race to the courthouse. *See Tempco Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746, 750 (7th Cir. 1987). Second, it would encourage the filing of bare-bones complaints so as to trigger the compulsory counterclaim rule if the later filed case brought up any additional issue.

Under Seventh Circuit precedent, the first-to-file rule is one factor which favors, but does not require, transferring the present suit to the Eastern District of Pennsylvania. However, the rule only slightly favors a transfer in the facts of this case.

### 4. *Interest of Justice*

The final factor to consider is whether the transfer is in the interest of justice. In examining this factor, courts should

consider each forums's docket congestion, familiarity with the relevant law, and relationship to the controversy. *Research Automation*, 2010 U.S. App. LEXIS 24033, at *9-10. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* at *10.

As noted by SKF, the time to trial is similar between the two forums so neither forum has an advantage in regards to docket congestion. *See* Administrative Office of the United States Courts, *2009 Federal Court Management Statistics* (2010) (6.2 months from filing to disposition and 27.8 months from filing to trial in Northern District of Illinois compared to 13.2 months and 22.7 months in Eastern District of Pennsylvania).

This dispute will be resolved under Illinois law in either forum. However, as discussed above, this factor does not strongly weigh toward keeping the case in this forum as the Pennsylvania court is capable of applying Illinois law. The contract and employment issues presented by this case are not subtle or confusing so this Court's greater familiarity with Illinois law is not a significant reason to favor the Illinois forum.

The final factor is the forum's relationship to the controversy. This dispute involves a Pennsylvania-based employer with a national sales presence, an employee based in Illinois who often works in other states, and an employment contract executed in

conjunction with the sale of an Illinois business. Each forum has an interest in seeing that employment contracts are upheld, in regards to payment as well as non-competition provisions.

### B. Balancing the Factors

The factors in this case do not resolutely answer whether this dispute should be resolved in Illinois or Pennsylvania. Instead, this case involves a close balancing of the equitable considerations in favor of this forum against the earlier filing date of the Pennsylvania action.

The parties agreed in writing to interpret the Agreement under Illinois law and to waive jurisdictional and venue objections for cases filed in Illinois. The parties did not restrict the venue, but the Agreement specifically mentioned only one locale when it discussed disputes: Illinois. Miller brought a claim for damages in this locale relatively promptly, as it was brought roughly a month after negotiations failed to resolve the dispute.

SKF brought suit earlier, but it was only two weeks earlier and the suit seeks only declaratory relief. Courts ordinarily give priority to a coercive action over a declaratory action, regardless of which claim was filed first. *Research Automation*, 2010 U.S. App. LEXIS 24033, at *14; *e.g.*, *Tempco*, 819 F.2d 746. The purpose of declaratory actions is to allow a party to adjudicate its rights so it does not have to bear continuous legal accusations. *Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F.Supp.2d 906,

907-08 (N.D. Ill. 1998) (dismissing declaratory action as "anticipatory" because it did not serve its purpose when coercive action was brought promptly). The purpose of a declaratory judgment does not appear to be served in this case, as there is no evidence that the legal uncertainty over this dispute lasted a long time, interfered with SKF's business decisions, or required immediate resolution (for example, because Miller was going to begin competing with SKF). Absent such evidence, SKF's declaratory judgment suit appears to be an attempt only to secure the choice of forum, and therefore does not weigh heavily in favor transferring this case.

When all the above factors are balanced, movant has not met its burden of demonstrating that this case should be dismissed or transferred.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss or Transfer this Action is denied.

**IT IS SO ORDERED.**

                                            Harry D. Leinenweber, Judge
                                            United States District Court

**DATE: 12/29/2010**